UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MRPNWI 336 LLC, )<br>      Plaintiff, )<br>  )<br>v. )<br>  )<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, )<br>      Defendant. ) | CAUSE NO.: 2:23-CV-291-PPS-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. Defendant State Farm Fire and Casualty Company removed this action from state court on August 29, 2023. The Court must continuously police its subject matter jurisdiction, and remand the case if it finds that jurisdiction is lacking. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); 28 U.S.C. § 1447(c). As the party seeking jurisdiction, it is Defendant's burden to establish that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

The notice of removal alleges jurisdiction based on diversity of citizenship. [DE 1 ¶ 7]. For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). As an initial point, Defendants' allegations of citizenship are made in the present tense, that is, made as of the time of removal. *See* [DE 1 ¶¶ 8-9]. However, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted). Defendants must supplement their allegations to address the parties' citizenship at the time the complaint was filed.

Moreover, the allegations as to Plaintiff's citizenship are insufficient. Defendant states that "Plaintiff MRPNWI 336, LLC is a citizen of Indiana because it is an Indiana LLC with its principal

place of business in Indiana; and because its manager Jospeh[1] Spott, is a resident of Indiana." [DE 1 ¶ 8]. However, a limited liability company takes the citizenships of its members, not its principal place of business. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003). The name and citizenship of each member of the LLC must be identified to determine diversity jurisdiction. If the members are themselves limited liability companies or other unincorporated entities, the citizenships of those members must be identified. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . and, if those members have members, the citizenship of those members as well.").

Further, if Spott is a member of MRPNWI 336, LLC, the citizenship allegations must be based on his domicile, not his residence. Diversity jurisdiction is based on diversity of citizenship, which in turn "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Defendant must allege Spott's citizenship based on where he intends to live over the long run, rather than his residency.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **September 22, 2023**, a supplemental jurisdictional statement that (1) properly alleges Plaintiff's citizenship, and (2) alleges both parties' citizenships both at the time of the complaint and the time of removal.

So ORDERED this 1st day of September, 2023.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT

---

[1] The Court's research suggests this was a typographical error, because the Indiana Secretary of State lists "Joseph Spott" as the registered agent for MRPNWI 336, LLC.